ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

DAVID STEBBINS                                                                    PLAINTIFF

VS.                                  CASE NO. 3-11CV2227-N

STATE OF TEXAS                                                                   DEFENDANTS

## MOTION TO CONFIRM ARBITRATION AWARD

Comes now, *pro se* Plaintiff David Stebbins, who respectfully submits the following motion to confirm an arbitration award against the State of Texas in the amount of $5,000,000,000,000.00.

Before I begin, allow me to point out that this court can not deny confirmation of an arbitration award, unless the adverse party submits a motion to vacate or modify the arbitration award. 9 U.S.C.

On August 1, 2011, I submitted a contract offer to the Defendants' Attorney General, via email. 9 U.S.C. § 9 states that a court unequivocally *must* confirm an arbitration award, unless it is first vacated or modified, as prescribed by §§ 10 and 11. There is nothing malleable about "must grant," and § 9 carries no hint of flexibility in this regard. *See Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

Even assuming one of the grounds for vacation or modification exists in this case, and even assuming that existence of said grounds is patently obvious, the court still cannot vacate or modify an arbitration award *sua sponte*. 9 U.S.C. §§ 10 and 11 do not provide for any *sua sponte* vacation or modification; therefore, this court is without the authority to do so. *See George v. Ospalik*, 299 Ill. App. 3D 888, 891 (1998), where the Appellate Court of Illinois held that the trial court may not *sua sponte* confirm an arbitration award, simply because there was no legal authority for it to do so.

Another way to think of this is to think of vacation or modification as an affirmative defense to an arbitration award. This is proven by two sets of laws:

First, a motion to vacate or modify an arbitration award must be filed within three months after the award is obtained. See 9 U.S.C. § 12. Meanwhile, a party attempting to sustain an arbitration award has an entire year to do so (see 9 U.S.C. § 9) giving the proponent of the award nine months with which to move to confirm the arbitration award unopposed.

Second, the party attempting to overturn the arbitration award, not the party attempting to sustain it, bears the burden of proof. See *Lummus Global Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda.*, 256 F. Supp.2d 594, 604 (S.D. Tex. 2002).

Upon accepting that vacation or modification of an arbitration award is an affirmative defense, then the adverse party must affirmatively state the grounds, otherwise they are deemed waived. See *Murry v. Civil Service Employee Ins. Co.* (1967) 254 Cal.App.2d 796, 797.

Therefore, this court cannot do anything other than ministerially confirm the arbitration award unless a motion to vacate or modify is filed by the Defendants.

Now that I have gotten that out of the way, allow me to discuss the merits of the case.

On August 1, 2011, I submitted to the Defendant's Attorney General, Gregg Abott, an offer for a contract. See Exhibit A.

The contract stated that the Greg Abott accepts the contract on behalf of the State of Texas if he does not return the dollar to me that I sent him on August 5, 2011. See Exhibit B. Notice that I have only included one page, yet there are four pages that were printed. This is because all the provisions of the contract that were on the other pages are of no concern to this court; the arbitrator must decide the validity of those provisions. See *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006).

More importantly, however, pay attention to Section II(4)(c) of the contract. At my sole discretion, we refer all legal disputes to binding arbitration. Furthermore, if we use the American Arbitration Association, I may initiate arbitration proceedings via a submission to arbitration form. Furthermore, they only get 24 hours to submit to the arbitration; otherwise, I win automatically, and the ignored submission to arbitration form stand in as the arbitration award, to the extent that one is required under 9 U.S.C. § 13(b).

The Defendant failed to return the dollar to me, thus accepting the contract, pursuant to the Restatement (Second) of Contracts, § 69(2).

Therefore, on August 11, 2011, I sent the Defendant's Attorney General another email. See Exhibit C.

As you can see from this exhibit, it makes direct reference to an attached filed, which contains an AAA submission to arbitration form. The exact text of that form can be found on Exhibit D.

As you can see from Exhibit D, I demanded damages of $5,000,000,000,000.

Needless to say, the Defendants did not return the submission to me within the 24 hour time limit. Therefore, I am now moving to confirm the arbitration award.

Wherefore, premises considered, I respectfully pray that the arbitration award in the amount of $5,000,000,000,000 be confirmed. It is so requested on this 17th day of August, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

Exh. A

Print - Close Window

Subject: Read this. It's not spam or a virus; it's a contract.
From:    David Stebbins (stebbinsd@yahoo.com)
To:      aginfo@azag.gov; attorney.general@ago.mo.gov; attorney.general@ct.gov; Attorney.General@state.co.us; Attorney.General@State.DE.US; greg.abbott@oag.state.tx.us;
Date:    Mon, 01 Aug 2011 01:30:19

http://statedeals.blogspot.com/

SUNDAY, JULY 31, 2011

# State Deals

- I. OVERVIEW
    1. My name is David Anthony Stebbins, and I live in Harrison, AR. You are the attorney general of a state in the United States.
    2. On the date of August 5, 2011, I will send you one dollar in the mail, and also one envelope with a 44 cent stamp on it. These two items will be inside a larger envelope.
    3. The following contract is accepted, via Section 69(2) of the Restatement of Contract, by keeping the contents of the larger envelope for more than one business day
    4. To reject the contract, you must return the dollar to me, maybe (but not necessarily) using the pre-stamped envelope that is also provided.
- II. ARBITRATION
    1. At the sole discretion of David A. Stebbins, we will hold all civil legal disputes between us – even those not related to this contract – to binding arbitration using either the services of the National Arbitration Forum or the American Arbitration Association.
    2. Whichever arbitration firm we use shall be at the sole discretion of the claimant.
    3. When using the National Arbitration Forum, we shall use the National Arbitration Forum's code of procedure, as it is written on July 30, 2011, but with the following amendments:
        a. Rule 6(b)(5) allows parties to agree on methods of service. For arbitration between us, service may be by email, fax, or first class mail. Whichever method is used is at the sole discretion of the party serving the other party.
        b. Rule 10(a) is amended. The statute of limitations shall no longer apply in any arbitration between us.
        c. For cases in which I am the claimant...
            i. You shall have one business day to file your response, not 30 calendar days.
            ii. Rule 36(e) does not apply between us. If you do not respond within the time allotted in subparagraph (i) of this paragraph, I automatically win the relief requested, even if I am not otherwise entitled to such a remedy, an even if a court of competent jurisdiction would throw the case out, sua sponte, for failure to state a claim upon which relief can be granted.
    4. When using the American Arbitration Association, we shall use the following procedure:
        a. We shall commence an arbitration via an AAA Submission to Arbitration form, rather than a Demand for Arbitration form.
        b. The submission to arbitration form may be served on the respondent in any manner that would cause the respondent to receive it, including email, fax, or personal delivery, assuming that the respondent possesses the necessary equipment to perform this task. Proof of the service shall be kept as a record.
        c. For cases in which I am the filer,
            i. You shall have one business day to file your response, not 30 calendar days.
            ii. If you do not file your response within the time allotted in subparagraph (i) of this paragraph, I shall automatically win the relief requested. At that point, I may simply move to confirm the award, and in that case, the proof of service of the Submission to Arbitration shall stand in for the award as required by 9 U.S.C. § 13(b).
    5. The following procedure will govern our choice of arbitrator:
            i. Within one week after the commencement of the arbitration, both parties shall each name a maximum of five arbitrators employed by the arbitration firm used in that proceeding, that they would like to

FOLLOWERS

Join this site
with Google Friend Connect



There are no members yet.
Be the first!

Already a member? Sign in



BLOG ARCHIVE

▼ 2011 (1)
    ▼ July (1)
        State Deals



ABOUT ME

David Stebbins
View my complete profile

Print - Close Window

*Exh. C*

Subject: AAA Invitation
From:    David Stebbins (stebbinsd@yahoo.com)
To:      greg.abbott@oag.state.tx.us;
Date:    Thu, 11 Aug 2011 11:20:19

Here,

Print this out, fill out your information; scan it, and email it back to me by this time tomorrow, otherwise you'll loose automatically, via the forfeit victory clause in our contract.

Sincerely,
David Stebbins

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Please visit our website at www.adr.org if you would like to file this case online.
AAA Customer Service can be reached at 800-778-7879

**SUBMISSION TO DISPUTE RESOLUTION**

The named parties hereby submit the following dispute for resolution, under the rules of the American Arbitration Association.

**To be completed and signed by all parties (attach additional sheets if necessary).**

Rules Selected: ☐Commercial ☐Construction ☐Employment ☒Other (please specify) _____

Procedure Selected: ☒Binding Arbitration ☐Mediation ☐Other (please specify) _____

NATURE OF DISPUTE:
The Defendants breached a contract against me. I seek $5,000,000,000,000.00 in damages.

Dollar Amount of Claim: $5,000,000,000,000

Other Relief Sought: ☐Attorneys Fees ☐Interest ☒Arbitration Costs ☐Punitive/Exemplary ☐Other _____

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:
Someone who is well versed in contract law.

Amount Enclosed $ 65,000.00     In accordance with Fee Schedule: ☐Flexible Fee Schedule ☒Standard Fee Schedule

HEARING LOCALE REQUESTED: Dallas, TX

Estimated time needed for hearings overall:
_____ hours or __1.00__ days

We agree that, if arbitration is selected, we will abide by and perform any award rendered hereunder and that a judgment may be entered on the award.

| Name of Party | Name of Party |
|---|---|
| David A. Stebbins | State of Texas |
| Address: 1407 N Spring Rd, APT #5 | Address: PO Box 12548 |
| City: Harrison  State: AR  Zip Code: 72601 | City: Austin  State: TX  Zip Code: 78711 |
| Phone No. 870-204-6024  Fax No. | Phone No. (512) 463-2100  Fax No. (512) 475-2994 |
| Email Address: stebbinsd@yahoo.com | Email Address: greg.abott@aog.state.tx.us |
| Signature (required): *David Stebbins*  Date: Aug. 11, 2011 | Signature (required):  Date: |
| Name of Representative: not applicable | Name of Representative: |
| Name of Firm (if applicable) not applicable | Name of Firm (if applicable) |
| Address (to be used in connection with this case) 1407 N Spring Rd, APT #5 | Address (to be used in connection with this case) |
| City: Harrison  State: AR  Zip Code: 72601 | City:  State:  Zip Code: |
| Phone No. 870-204-6024  Fax No. | Phone No.  Fax No. |
| Email Address: stebbinsd@yahoo.com | Email Address: |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. Send the original Demand to the Respondent.

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

**DAVID STEBBINS**                                                  **PLAINTIFF**

**VS.**                      **CASE NO. _____**

**STATE OF TEXAS**                                            **DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, *pro se* Plaintiff David Stebbins, hereby certify that a true and correct copy of the motion to confirm the arbitration award and the motion for ECF access were served on the Defendants by mailing a copy to PO Box 12548, Austin, TX 78711 on the 17th day of August, 2011. This is sufficient service because 9 U.S.C. § 9 states in pertinent part, "If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." As the State of Texas most certainly resides in Texas, they qualify for this service.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

≈JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
BY _____
AUG 29 2011
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## I. (a) PLAINTIFFS
David Stebbins

**DEFENDANTS**
State of Texas

(b) County of Residence of First Listed Plaintiff   Boone County, AR
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
3-11CV2227-N

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
confirmation of an arbitration award

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  08/17/2011
SIGNATURE OF ATTORNEY OF RECORD
*David Stebbins*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____