UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

DAVID STEBBINS                                                                          PLAINTIFF

VS.                              CASE NO. 3:11-CV-2227-N (BK)

STATE OF TEXAS                                                                        DEFENDANTS

## COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who respectfully submits the following complaint to confirm an arbitration award against the State of Texas in the amount of $5,000,000,000,000.00.

1. This court has diversity jurisdiction to hear this case. Plaintiff lives in Arkansas, and Defendants, needless to say, reside in Texas. There is more than $75,000 in controversy. Therefore, jurisdiction is proper in this court, and furthermore, venue is proper in this court, because it is in this court where the Defendants are located. See 28 U.S.C. § 1391(a)(1).

2. I seek a court order confirming an arbitration award against Defendants in the amount of $5,000,000,000,000.00.

3. On August 1, 2011, I submitted an offer for a contract to Greg Abott, Attorney General for the Defendants. See Exhibit A.

4. The contract offer stated, among other things, the following:

    (a) On August 5, 2011, I will serve the Attorney General with one dollar and a prepaid stamp, via First Class Mail.

    (b) He accepts the contract on behalf of his employer if he keeps the dollar for more than one business day. To reject the contract, he must return the dollar to me the next business day upon receiving it, maybe (but not necessarily) using the prepaid

      envelope which I simultaneously provided.

  (c) The contract in question requires the parties to submit all civil legal disputes – even those not related to the contract – to binding arbitration, using either the National Arbitration Forum or the American Arbitration Association.

  (d) If I serve the Defendants with an invitation to arbitrate, and they do not accept it within 24 hours of receiving it, I automatically win the relief requested, regardless of the merits, and without having to go to arbitration. In that case, I may simply use the arbitration invitation, which was ignored, as the arbitration award, to the extent it is required by 9 U.S.C. § 13(b).

  (e) See Exhibit B for the text of that contract. Notice that I have censored a good portion of the contract. This is because, due to the arbitration clause specified above, the arbitrator must decide the validity of these clauses.

5. See Exhibit B for the text of that contract. As you can see, I have not shown below the first two sections. This is because, due to the arbitration clause in Section II, the arbitrator must decide the validity of all provisions below it.

6. I have not yet received the dollar, so I assumed that the contract was accepted. If Defendants disagree with this, they may state as such in their answer.

7. Therefore, on August 15, 2011, I submitted an invitation to arbitrate a legal dispute with Greg Abott. See Exhibit C.

8. The arbitration invitation called for $5,000,000,000,000.00. See Exhibit D.

9. As you might have guessed, Defendants did not accept the arbitration invitation within the 24-hour time limit. Therefore, I am entitled to have the arbitration invitation treated as an arbitration award, and have that award subsequently confirmed.

10. A brief in support of the complaint will also be attached, explaining in detail why I am entitled to relief under these facts.

Wherefore, premises considered, I respectfully pray that the arbitration invitation be declared an arbitration award, said arbitration award be confirmed, and other relief that the Court finds appropriate be granted.

It is so requested on this 7th day of September, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, hereby certify that a true and correct copy of the Complaint was served on the Defendants by mailing a copy via first class mail to PO Box 12548 Austin, TX 78711-2548 on the 6th day of September, 2011.
 This is a sufficient service of process, given that I am attempting to confirm an arbitration award, and the Defendants are residents of this district. 9 U.S.C. § 9 states in pertinent part "[i]f the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." Therefore, this service is sufficient under Fed. R. Civ. P. Rule 5(b)(2)(C).
 It is so declared on this 7th day of September, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com