UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

DAVID STEBBINS                                                                           PLAINTIFF

VS.                             CASE NO. 3:11-CV-2227-N (BK)

STATE OF TEXAS                                                                         DEFENDANTS

### BRIEF IN SUPPORT OF COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who respectfully submits the following brief in support of my complaint.

The complaint only set forth the facts. In this brief, I wish to explain how the facts stated in the complaint entitle me to the relief I requested.

**Courts may not vacate or modify arbitration awards *sua sponte*.**

A court may not vacate or modify an arbitration award, unless the adverse party files a motion to vacate or modify it. See *D.H. Blair & Co., Inc. v. Gottdiener*, No. 04-3260, 2006WL 2551218 (2nd Cir. Sep. 5, 2006) (holding that a motion to confirm an arbitration award should be treated as a motion for summary judgment, and thus, failure to oppose it constitutes acceptance). See also *Eichleay Corp. v. International Ass'n of Bridge, Structural & Ornamental Iron Workers*, 944 F.2d 1047, 1061 (3d Cir. 1991) ("the district court may not sua sponte raise a motion to vacate when a party has failed to file a timely petition."). See also *MBNA America Bank v. Boyce*, 723 NW 2d 449 - Iowa: Court of Appeals 2006. See also *MBNA America Bank, N.A. v. O'Brien*, No. 21216, 2006 WL 2041478 (Ohio Ct. App. Jul 21, 2006). See also *NCO Portfolio Management, Inc. v. Gubanyar*, No. 90480, 2008 WL 2932143 (Ohio Ct. App. July 31, 2008) ("[T]he court must grant [a motion to confirm] if a timely motion to vacate the award has not been made."). See also *NCO Portfolio Management, Inc. v. McGill*, No. 21229, 2006 WL 2041476 (Ohio Ct. App. Jul 21, 2006) (holding that a court cannot require additional evidence of

the agreement to arbitrate, "particularly in the absence of any challenge.")  See also *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the [FAA]")

In two of those case laws that I have cited, the trial courts made *sua sponte* findings that there was no arbitration agreement.  The one thing that you would think should be prerequisite to the Federal Arbitration Act even applying in the first place, and the courts have reversed *sua sponte* denials of arbitration awards on even those grounds.  That is how powerful the lack of *sua sponte* authority is.

Notwithstanding all that case law which I have cited, basic canons of statutory interpretation clearly establish that a Court may only vacate or modify an arbitration award upon a motion to do so being filed.  Specifically, I am talking about *expressio unius est exclusio alterius* ("the express mention of one thing excludes all others").

9 U.S.C. § 10 states that a court may vacate an arbitration award "upon application to a party to the arbitration."  By expressly stating "upon application," but not stating "or on its own motion," the statute excludes *sua sponte* vacation by way of e*xpressio unius est exclusio alterius*.

Another way to look at the statute is using *in pari materia*, which states that, when a statute is ambiguous, its meaning may be determined in light of other statutes on the same subject matter.  The most obvious statute to turn to in this case would be the Uniform Arbitration Act of 1955.  Section 22 of that statute states that a court must confirm an award "unless within the time limits hereinafter imposed **_grounds are urged_** for vacating or modifying or correcting the award."  Emphasis added.  This statute clearly states that a Court cannot vacate or modify an arbitration award unless first urged to do so.

Now that I have gotten that out of the way, let me discuss the case itself:

**All essential contract elements are present.**

According to a treatise I've read from the website of the Texas State Government, the essential elements of a contract are (1) Offer, (2) Acceptance, (3) Legal purpose/Objective, (4) Mutuality of Obligation/Meeting of the Minds, (5) Consideration, and (6) Competent parties.  I have attached a copy of that treatise for this Court to review.

I assume that the element of offer is not in controversy.  Furthermore, I assume that the competency of the parties is not in controversy.  Therefore, I will not comment on either of them beyond this paragraph.

Defendants accepted my contract by keeping the dollar I sent them.  This is a perfectly valid method of accepting a contract.  See the Restatement (Second) of Contracts, § 69(2), which states in laymen's terms that if an offeror (that's me) offers property, along with auxillery terms, to the offeree (Defendants), and the offeree accepts the offered property, then the offeree also accepts the auxillery terms unless they are manifestly unreasonable.  Unless the court wants to hold that the arbitration clause is manifestly unreasonable, then everything else must be decided by the arbitrator.

This method of accepting a contract is easier to appreciate if you compare it to a commonly-occurring situation.  If a person receives an unsolicited credit card in the mail, along with a notice that using said credit card would constitute their acceptance to a variety of terms (and it is not at all uncommon for these terms to include an arbitration clause), and that person starts to use the credit card, that person would be bound by the auxiliary terms, would they not?  Under Fed. R. Civ. P. Rule 52(a), this Court is required to give specific findings of fact and conclusions of law when it makes its final judgment, so I challenge the court to come up with anything they can that would render this contract invalid.

There is an objective to this contract.  The purpose is, among other things, to save time and money in any future civil legal disputes by submitting them to arbitration.  The arbitrator must decide if there is any other objective, and if so, whether the other objectives are valid and enforceable.

Mutuality of obligation is not required in arbitration clauses, whenever the arbitration clause is only one part of a bigger contract.  See *Barbara Dorfman and 2177681 Ontario LTD. v. Max International, LLC*, Fifth Circuit Court of Appeals, Case No. 051000776CV.  The arbitrator must decide whether or not the remainder of the contract contains sufficient mutuality.

I have provided consideration in the form of the dollar that I sent to the Defendants.

Therefore, as you can see, all the elements of a contract are present.  I now move on to the next issue of my case:

**Forfeit Victory Clause must be decided by arbitrator.**

The arbitrator must decide the validity of the forfeit victory clause, as this amounts to a change in arbitration procedure, and the arbitrator decides arbitration procedure.

The Federal Arbitration Act does not state this, but the Uniform Arbitration Act of 2000 does.  Once again, going back to *in pari materia*, Section 15(a) of the Uniform Arbitration Act of 2000 states flat-out that the arbitrator decides arbitration procedure.

**There is no requirement of form.**

Although the two versions of the Uniform Arbitration Act require the award be in writing and signed by the arbitrators joining in the award, the Federal Arbitration Act does not specify any form whatsoever that the arbitration award must take.  Courts are not allowed to vacate or modify arbitration awards on grounds other than those explicitly listed in Sections 10 and 11.  See *Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

Section 11(c) of the Federal Arbitration Act allows for an arbitration award to be modified for an imperfection of form, but that form cannot have anything to do with the merits. Furthermore, it only allows for modification, not nullification of the award in its entirety.

Section 10(a)(4) states that an award can be vacated for when the arbitrator has imperfectly executed his powers, but that is only one of the criteria. The other criterion is that, as a result of his imperfectly executed powers, a final and definite award upon the subject matter was not reached. In this case, there is no ambiguity in the award; therefore, this grounds to vacate is not valid.

## Conclusion

Wherefore, premises considered, I respectfully pray that the arbitration award be confirmed.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

**DAVID STEBBINS**                                                                              **PLAINTIFF**

**VS.**                         **CASE NO. 3:11-CV-2227-N (BK)**

**STATE OF TEXAS**                                                                        **DEFENDANTS**

### BRIEF IN SUPPORT OF COMPLAINT

    I, *pro se* Plaintiff David Stebbins, hereby certify that a true and correct copy of the Brief in Support of Complaint was served on the Defendants by mailing a copy via first class mail to PO Box 12548  Austin, TX 78711-2548 on the 6th day of September, 2011.

                                                    /s/ David Stebbins
                                                        David Stebbins
                                           1407 N Spring Rd, APT #5
                                               Harrison, AR 72601
                                                    870-204-6024
                                               stebbinsd@yahoo.com