# Legal Elements of a Contract

The essential elements necessary to form a binding contract are usually described as:[i]

- An Offer
- An Acceptance in strict compliance with the terms of the offer
- Legal Purpose/Objective
- Mutuality of Obligation – also known as the "meeting of the minds"
- Consideration
- Competent Parties[ii]

## Offer
An offer is defined as the manifestation of the "willingness to enter into a bargain so made as to justify another person in understanding that his assent to the bargain is invited and will conclude it."[iii]

## Acceptance
Acceptance of an offer can occur in several ways:  Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer.[iv]  An acceptance must not change the terms of an offer. If it does, the offer is rejected.[v]  A material change in a proposed contract constitutes a counteroffer, which must be accepted by the other party.[vi]

## Legal Purpose
The objective of the contract must be for a legal purpose. For example, a contract for illegal distribution of drugs is not a binding contract because the purpose for which it exists is not legal.

## Mutuality of Obligation
This element is also known as the "meeting of the minds".  Mutuality of obligation refers to the parties' mutual understanding and assent to the expression of their agreement.[vii]  The parties must agree to the same thing, in the same sense, at the same time.  The determination of a meeting of their minds, and thus offer and acceptance, is based on the objective standard of what the parties said and did and not their subjective state of mind.[viii]  Unexpressed subjective intent is irrelevant. In determining whether mutual assent is present, the court looks to the communications between the parties and to the acts and circumstances surrounding these communications.[ix]  The offer must be clear and definite just as there must be a clear and definite acceptance of all terms contained in the offer.[x]  Where a meeting of the minds is contested, the determination of the existence of a contract is a question of fact.[xi]  If the fact finder determines that one party reasonably drew the inference of a promise from the other party's conduct, that promise will be given effect in law.[xii]

To be enforceable, the parties must have agreed on the essential terms of the contract.[xiii]  However, parties may agree upon some contractual terms, understanding them to be an agreement and leave other contract terms to be made later.[xiv]  Full agreement on all contractual terms is the best practice and should be the norm.  It is only when an essential term is left open for future negotiation that there is nothing more than an unenforceable agreement to agree.[xv]  Such an agreement is void as a contract.[xvi]

Any contract or mutual understanding between parties that differs materially from the original offer is open to legal challenge.  Should any component of a negotiation tend toward a final result where a contract or agreement differs materially from the offer, that component of the negotiation should cease.  If the component in question is critical to the provision of a service or goods, the issuance of another offer that incorporates that component should be considered.

### Certainty of Subject Matter

In general, a contract is legally binding only if its terms are sufficiently defined to enable a court to understand the parties' obligations.[xvii] The rules regarding indefiniteness of material terms of a contract are based on the concept that a party cannot accept an offer so as to form a contract unless the terms of that contract are reasonably certain.[xviii] Thus, the material terms of a contract must be agreed upon before a court can enforce the contract.[xix] Each contract should be considered separately to determine its material terms.

As a general rule, an agreement simply to enter into negotiations for a contract later also does not create an enforceable contract. Parties may agree on some of the terms of a contract and understand them to be an agreement, and yet leave other portions of the agreement to be made later.[xx]

Sometimes terms are omitted from contracts and assuming the omitted term is not an essential term, the courts have implied terms to preserve the enforceability of the contract should a legal challenge arise. A court may uphold an agreement by supplying missing terms.[xxi] Historically, Texas courts prefer to validate transactions rather than void them, but courts may not create a contract where none exists and they generally may not insert or eliminate essential terms. Whether or not a court will imply or supply missing contract terms will depend on the specific facts of the transaction. An example of terms that have been implied or supplied are time and place of performance.[xxii]

### Consideration

Consideration is an essential element of any valid contract.[xxiii] Consideration consists of either a benefit to the promisor or a detriment to the promisee.[xxiv] It is a present exchange bargained for in return for a promise. It may consist of some right, interest, profit, or benefit that accrues to one party, or alternatively, of some forbearance, loss or responsibility that is undertaken or incurred by the other party.[xxv] It is not necessary for a contract to be supported by a monetary consideration.[xxvi]

### Competent Parties

Parties to a contract must be competent and authorized to enter into a contract.

---

[i] See Buxani v. Nussbaum, 940 S. W. 2d 350, 352 (Tex App.-San Antonio 1997, no writ); and Hallmark v Hand, 885 S.W.2d 471, 476 (Tex.App.-El Paso 1994, writ denied): *see also* McCulley Fine Arts Gallery, Inc. v "X" Partners, 860 S.W.2d 473, 477 (Tex. App. - El Paso, 1993, no writ).

[ii] *See* Roark v. Stallworth Oil and Gas Inc., 813 S.W.2d 492,496 (Tex. 1991); and see also Federal Sign v. Texas Southern University, 951 S.W.2d 401,408 (Tex. 1997) rehearing of cause overruled (Oct 02, 1997).

[iii] Restatement (Second) of Contracts §24 (1981).

[iv] Restatement (Second) of Contracts §50 (1) (1981).

[v] United Concrete Pipe Corp. v Spin-Line Co., 430 S.W.2d 360, 364 (Tex. 1968).

[vi] Antonini v. Harris County Appraisal Dist. 999 S.W.2d 608, 611 (Tex.App.-Houston [14th Dist] 1999, no pet.)

[vii] Weynand v Weynand, 990 S.W.2d 843, 846 (Tex. App.-Dallas 1999, pet. denied).

[viii] Copeland v Alsobrook, 3 S.W.2d 598, 604 (Tex. App. - San Antonio 1999, pet. denied).

[ix] Wiley V. Bertelson, 770 S.W.2d 878,882 (Tex. App.-Texarkana 1989, no writ).

[x] Gulf Coast Farmers Co-op v. Valley Co-op Oil Mill. 572 S.W.2d 726, 737(Tex. Civ. App. - Corpus Christi 1978, no writ).

[xi] Runnells v. Firestone 746 S.W.2d 845, 849 (Tex. App. - Houston [14th Dist.] 1988), writ denied per curiam, 870 S.W.2d 240 (Tex. 1988).

[xii] Copeland, 3 S.W.3d at 605

[xiii] T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992).

[xiv] Komet v. Graves, 40 S.W.3d 596, 602 (Tex. App.-San Antonio 2001, no pet.); Hardin Constr. Group, Inc. v Strictly Painting, Inc. 945 S. W. 2d 308, 313 (Tex App. - San Antonio 1997, orig. proceeding): Texas Oil Co. v. Tenneco Inc., 917 S.W.2d 826, 830 (Tex. App.-Houston [14th Dist.] 1994), rev'd on other grounds sub nom. Morgan Stanley & Co., Inc. v. Texas Oil Co., 958 S.W.2d 178 (Tex. 1997).

[xv] T.O. Stanley Boot Co., 847 S.W.2d at 221; Scott v. Ingle Bros. Pac., Inc. 489 S.W. 2d 554, 555 (Tex. 1972); Texas Oil Co, 917 S.W.2d at 830; Komet, 40 S.W.3d at 602.

[xvi] Texas Oil Co, 917 S.W.2d at 830.

xvii T.O. Stanley Boot Co. v Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992).

xviii Fort Worth Indep. Sch. Dist. V. City of Fort Worth, 22 S.W.3d 832, 846 (Texas. 2000) (quoting Texas Oil Co. v. Tenneco Inc., 917 S.W. 2d 826, 830 (Tex. App.-Houston [14th Dist] 1994), rev'd on other grounds, 958 S.W.2d 178 (Tex. 1997)).

xix T.O. Stanley Boot Co., 847 S.W.2d at 221.

xx Scott v. Ingle Bros. Pacific., Inc., 489 S.W.2d 554, 555 (Tex. 1972); City of Fort Worth v. Gene Hill Equip. Co., 761 S.W.2d 816, 820 (Texas.App.-Dallas, 1991).

xxi Texas Oil Co., 917 S.W.2d at 830.

xxii When a contract leaves open the time and place of performance, the law may imply that the time of performance was to be reasonable time. Moore v. Dilworth, 142 Tex. 538, 542 179 S.W.2d 940, 942 (1944).  What is reasonable depends on the facts and circumstances as they existed at the date of the contract. Heritage Resources, Inc. v. Anschutz Corp., 689 S.W.2d 952, 955 (Tex.App.-El Paso 1985, writ ref'd n.r.e.).  *See also* Solomon v. Greenblatt, 812 S.W.2d 7 (Tex.Appl.-Dallas, 1991) (court implied the time and place of performance in a 'consulting services' contract for management consulting.).

xxiii Smith v. Renz, 840 S.W. 2d 701, 704 (Tex.App.-Corpus Christi 1992, writ denied).

xxiv Roark, 813 S.W.2d at 496.

xxv Solomon V. Greenblatt, 812 S.W.2d 7, 15(Tex.App.-Dallas 1991, no writ).

xxvi City of Crystal City v. Crystal City County Club, 486 S.W.2d 887,888 (Tex.Civ.App.-Beaumont 1972, writ ref'd n.r.e.); *see also* Jennings v. Radio Station KSCS, 96.3 FM, Inc., 708 S.W.2d 60, 61 9Tex.App.-Forth Worth 1986) rev'd on other grounds, 750 S.W.2d 760 (Texas 1988) (plaintiff/listener entitled to collect contest proceeds; consideration to radio station was gain in new listeners who hoped to win contest).