UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

**DAVID STEBBINS**                                                                       **PLAINTIFF**

**VS.**                              **CASE NO. 3:11-CV-2227-N (BK)**

**STATE OF TEXAS**                                                                     **DEFENDANT**

## BRIEF IN SUPPORT OF
## MOTION FOR CLERK'S ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following brief in support of my motion for default and default judgment as to Defendant, the State of Texas.

### Criteria for Default

To be entitled to default, I must show the following:

1. The Defendants were sufficiently notified of the action.

2. They did not respond within the allotted time.

   See Fed. R. Civ. P. Rule 55(a).

### Sufficiency of Service

1. The Defendant was served with the Amended Complaint (document #7) by mailing a copy via First Class Mail to PO Box 12548 Austin, TX 78711-2548 on the 6th day of September, 2011. See Document #10.

2. Although this is only first class mail, that is sufficient process when moving to confirm an arbitration award. See 9 U.S.C. § 9, ("If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court"). The State of Texas most definitely resides in the State of Texas; therefore, service is sufficient. See Fed. R. Civ. P. Rule 5(b)(2)(C).

3. Therefore, the Defendants were properly notified of the action.

### Alternative, provable method of service

1. Primary service was given by first class mail.

2. Service by first class mail cannot be proven beyond mere affidavit and swearing under penalty of perjury that it was done.

3. However, I also notified the Attorney General of Defendants of the action by email.

4. I *can* prove that I sent that email.  See Exhibit A.  This is a screenshot of an email I sent to Greg Abott, Attorney General of the State of Texas, on September 7, 2011.  I advised them to look at the PACER files.  Upon looking at the PACER files, the Defendants would have known about the action being instigated against them, and also, why they did not receive any in-person service of process.

5. I admit that this form of notice is scant at best, but then again, this is not primary service, unless the Defendants agree in writing to be served in that manner.  See Fed. R. Civ. P. Rule 5(b)(2)(E).  The purpose of this email notice was to have a method of giving actual notice to the Defendants, using a method that I could conclusively *prove* without a lot of costs.

### Failure to Plead or Otherwise Defend

1. The Defendants had twenty-one (21) days after service of the complaint was completed to file a responsive pleading.  See Fed. R. Civ. P. Rule 12(a)(1)(A)(i).

2. Service was complete on September 6, 2011.  See Fed. R. Civ. P. Rule 5(b)(2)(C) ("in which event service is complete upon mailing").

3. The twenty-one day time limit began on September 7, 2011.  See Fed. R. Civ. P. Rule 6(a)(1)(A).

4. Therefore, the Defendant had until September 27, 2011 to file a responsive pleading.

5. The Defendant has failed to do so.

Combine all three of the above sections, and I am entitled to default.

### Certainty of damages

1. The damages in this case are for a sum certain.

2. A quick look at Exhibit D of the Amended Complaint (Document #7) shows that the amount of the arbitration award to be confirmed is $5,000,000,000,000.00.

Wherefore, premises considered, I respectfully pray that default judgment in the amount of $5,000,000,000,000.00 be entered in favor the Plaintiff against the Defendant.

*David Stebbins*
David Stebbins
8527 Hopewell Rd,
Harrison, AR 72601
870-743-4386
stebbinsd@yahoo.com