IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID STEBBINS, et al., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | 3:11-CV-2227-N (BK) |
| § | | |
| STATE OF TEXAS, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for pretrial management. For the reasons that follow, it is recommended (1) that Plaintiff's case be dismissed *sua sponte* for want of jurisdiction and frivolousness, and (2) that Plaintiff be warned that sanctions may be imposed if he persists in filing frivolous lawsuits.

### I. BACKGROUND

**A.     Plaintiff's Current Action**

Plaintiff, a resident of Arkansas, filed a *pro se Motion to Confirm Arbitration Award* against the State of Texas, along with a request to proceed *in forma pauperis*. (Doc. 2, 3.) In response to a deficiency order, Plaintiff submitted an amended *Complaint,* which purported to comply with Rule 8(a), of the Federal Rules of Civil Procedure. (Doc. 7.) The Court granted his request to proceed *in forma pauperis*, but did not issue process pending preliminary screening. The Court then denied his *Motion for Clerk's Entry of Default and Default Judgment* because no process had been issued. (Doc. 11, 15.)

Relying on diversity jurisdiction, Plaintiff seeks to "confirm[] an arbitration award

against Defendants [sic] in the amount of $5,000,000,000,000.00." (Doc. 7 at 1.) He alleges that the arbitration award stems from a contract, which Plaintiff sent by e-mail on August 1, 2011, to Greg Abott, the Attorney General for the State of Texas. (Doc. 7, Ex. 1.) The contract provided as follows: 1) Plaintiff would "serve the Attorney General with one dollar and a prepaid stamp[ed]" envelope on August 5, 2011; 2) Defendant could "accept[] the contract . . . [by] keep[ing] the dollar for more than one business day," or could reject the contract by "return[ing] the dollar to [Plaintiff] the next business day using the prepaid envelope"; and 3) the parties agreed to submit to binding arbitration to resolve any dispute. (Doc. 7 at 1-2.) According to Plaintiff, Defendant's failure to return the dollar within the one-day period constitutes an acceptance of the contract and entitles him "automatically [to] win the relief requested, regardless of the merits, and without having to go to arbitration." *Id.* at 2. He, thus, petitions the Court to confirm that he is entitled to the full arbitration award. *Id*. at 2-3.

**B.     Plaintiff's Prior Cases**

This is not Plaintiff's first request to confirm an arbitration award. During the past six months, Plaintiff has filed four other cases seeking confirmation of nonexistent arbitration awards. The United States District Court for the Western District of Arkansas dismissed his first two cases with prejudice for lack of jurisdiction because the Federal Arbitration Act did not establish federal question jurisdiction by itself, and Plaintiff failed to meet the requirements for federal diversity jurisdiction, namely amount in controversy and diversity of citizenship. *Stebbins v. NET-ARB, Inc.*, No. 3:2011-CV-03025 (W.D. Ark. May 3, 2011); *Stebbins v. Harp & Associates Real Estate Services*, No. 3:2011-CV-03029, 2011 WL 1660390, 1 (W.D. Ark.  Apr. 15, 2011), *recommendation accepted*, 2011 WL 1668998, 1 (W.D. Ark. May 3, 2011).  A

magistrate judge in the United States District Court for the Northern District of California has recommended that the third action be dismissed with prejudice as frivolous because Plaintiff's seeks confirmation of an arbitration award that never existed, in a case that was not subject to an arbitration agreement, and where the parties did not participate in an arbitration. *Stebbins v. Google, Inc.*, No. 5:2011-CV-03876 (N.D. Cal. 2011). Plaintiff's fourth action remains pending in the United States District Court for the Western District of Washington. *Stebbins v. Microsoft*, No. 2:11-CV-1362 (W.D. Wash. 2011).

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Before screening a complaint under 28 U.S.C. § 1915(e), the Court must always examine the threshold question of whether it has subject matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. The Court must always construe pleadings filed by *pro se* litigants liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Here, no basis exists for establishing subject matter jurisdiction on the basis of a federal question. The Federal Arbitration Act ("FAA"), which was created to place arbitration

agreements on equal footing with all other contracts, provides expedited judicial review for courts to confirm, vacate, or modify an arbitration award. 9 U.S.C. § 9; *Buckeye Check Cashing, Inc.* v. *Cardegna*, 546 U.S. 440, 443 (2006). The FAA, however, does not itself bestow federal jurisdiction, but requires an independent jurisdictional basis. *Hall St. Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576, 581-82 (2008). Apart from requesting confirmation of an arbitration award under the FAA, Plaintiff's complaint makes no explicit reference to any federal law or cause of action. Therefore, the complaint fails to establish an independent basis for federal question jurisdiction against the State of Texas.

Nor can Plaintiff sue the State of Texas on the basis of diversity of jurisdiction. A State is not a "citizen" for purposes of diversity of jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 718 (1973); *see also Johnson v. Texas Dep't of Corrections*, 373 F. Supp. 1108, 1109 (S.D. Tex. 1974) ("a State cannot be made a party defendant . . .by a private litigant based upon diversity of citizenship."). In addition, it appears Plaintiff has arbitrarily named an excessive amount of damages – $5,000,000,000,000.00 – in order to meet the jurisdictional amount in controversy. Such an action is prohibited and goes against the limited scope and purpose of the doctrine of diversity jurisdiction established by the United States Supreme Court. *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *see also Harris v. Illinois Cent. R. Co.*, 220 F.2d 734, 736 (5th Cir. 1955) (amount of damages for federal jurisdictional purposes must be estimated in good faith).

Therefore, because the complaint does not present a sufficient basis for federal question or diversity jurisdiction, it should be dismissed *sua sponte* for lack of subject matter jurisdiction.

B.     **Frivolous Claims**

Alternatively, even assuming jurisdiction, Plaintiff's complaint should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of an *in forma pauperis* complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A court may also dismiss a complaint as frivolous when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Here, Plaintiff's request to confirm an arbitration award against the State of Texas in the amount of $5,000,000,000,000.00 has no basis in law or fact.  Plaintiff seeks confirmation of an arbitration award that never existed, in a case that was not subject to an arbitration agreement, and where the parties never participated in an arbitration.  Moreover, his factual assertions that the alleged contract was formed when Plaintiff sent an e-mail to Defendant with a blog link and a dollar bill describe fantastic or delusional scenarios that are clearly irrational and incredible.  Therefore, the complaint should be dismissed with prejudice as frivolous.

C.     **Sanction Warning**

Because Plaintiff has filed four prior actions to confirm nonexistent arbitration awards, two of which have already been dismissed, Plaintiff should be warned that if he persists in filing

frivolous lawsuits over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing *any further action* of any kind *in forma pauperis* and/or without prior court approval. *See* FED. R. CIV. P. 11(b)(2) and (c)(1). Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims, however, giving a prior warning that sanctions may be imposed is appropriate. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993) (while district court was correct in dismissing frivolous claims, sanctions were too harsh because no prior warning was given).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction and frivolousness, *see* FED. R. CIV. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B), and that Plaintiff be warned that sanctions may be imposed under FED. R. CIV. P. 11 if he persist in filing frivolous lawsuits over which the Court lacks subject matter jurisdiction.

SIGNED October 24, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE