UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

DAVID STEBBINS                                                                PLAINTIFF

VS.                        CASE NO. 3:11-CV-2227-N (BK)

STATE OF TEXAS                                                              DEFENDANTS

## OBJECTIONS TO REPORT AND RECOMMENDATION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following objections to the Magistrate Judge's Report and Recommendation that the case be dismissed.

### This Court does have jurisdiction.

In recommending that this Court hold that it lacks jurisdiction, the Magistrate Judge relies on two issues of fact: (1) States are not "citizens" for the purpose of diversity jurisdiction, and (2) The damages are calculated in bad faith.

The holding that states are not "citizens" is merely an extension of the precedent that states are not "persons" for the purpose of a § 1983 claim. This precedent, however, is merely an extension of the concept of sovereign immunity, imbedded in the Eleventh Amendment to the United States Constitution.

However, what this Court overlooks is that, in arbitration, sovereign immunity does not exist. See *C & L Enterprises, Inc. v. Citizen Band, Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411 (2001). When arbitration is held, the sovereign entity *consents* to suit.

Without sovereign immunity, the precedent that states are not citizens lacks a foundation, and falls apart accordingly.

We then move onto the accusation that the damages are calculated in bad faith. However, that is for the arbitrator, not the court, to decide. Honestly, do I even *have* to show you case law that states that it is the arbitrator, not the court, who decides the merits of an arbitrable dispute? I

thought this Court already knew that. If the Court insists on a legal authority being cited, how about Texas Civil Practice & Remedies Code - Section 171.026? ("A court may not refuse to order arbitration because the claim lacks merit or bona fides or the fault or ground for the claim is not shown.") Considering that this is a diversity action, state substantive law is binding on this court. See *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

Even if the Court believes the arbitrator to be in serious error, or even in manifest disregard for the law (see *Citigroup Global Markets v. Bacon* 562 F.3d 349 (2009)), the Court cannot disregard the arbitrator's near-absolute discretion.

It is for the arbitrator, not the Court, to decide if the damages are in bad faith or not. Therefore, where this Court wishes to find that it lacks subject-matter jurisdiction, it in fact lacks jurisdiction to decide whether or not it lacks jurisdiction.

**The case is not frivolous.**

In finding the case to be frivolous, the Magistrate Judge relies on three things: (1) No arbitration ever took place, (2) No arbitration award was entered in my favor, and (3) No arbitration agreement existed.

Regarding the first two, what did not take place was the Court's own personal belief about what an arbitration and award *should* be. Arbitration does not have to take any specific predetermined pattern. Unlike litigation, you do not absolutely *have* to go from A to B to C.

The forfeit victory clause in the contract – which explains the unorthodox form of the arbitration and arbitration award – is a matter of contract between the parties, and thus, just like the arbitration clause itself, should be valid, irrevocable, and enforceable, save for such grounds as exist at law or in equity for the revocation of any contract. Even the Texas Civil Practice & Remedies Code - Section 171.043 (binding on this Court by way of the Erie Doctrine) requires

arbitrations to be conducted by hearing, but allows parties to elect otherwise in their agreement.

The forfeit victory clause is not even substantively unconscionable, when you think about it. How is it anything more or less than the arbitration equivalent to default judgment?

In any event, the validity and enforceability of the forfeit victory clause is for the arbitrator, not the Court, to decide. The forfeit victory clause is merely a change to arbitration procedure, and the arbitrator decides arbitration procedure.

The bottom line is, as long as the arbitration agreement *calls* for a forfeit victory, without the arbitrators themselves ever having to get physically involved, I have yet to be educated as to why, exactly, that is such a problem.

Notice that I said "as long as the arbitration agreement calls for it." The third grounds upon which the Magistrate Judge bases his decision that the case is frivolous is that there is no agreement to arbitrate. Would you believe that even *that* is not a grounds to deny a motion to confirm an arbitration award in Texas?

Yes, believe it or not, in Texas, "[t]he nonexistence of an arbitration agreement is not a grounds to vacate an arbitration award under the FAA." See *Brust v. MBNA Am. Bank, N.A.*, No. 2-04-294-CV, 2005 WL 1047583, at *1 (Tex.App.-Fort Worth May 5, 2005), which is, once again, binding on this court by way of the Erie Doctrine.

Along with stating that the nonexistence of an arbitration agreement is not a grounds to vacate an arbitration award, this case law also states that, if they do not file a motion to vacate the arbitration award within three months of the date the award is obtained, then they are time-barred from challenging the award under *any* circumstances whatsoever, even assuming that they state a valid grounds to vacate the award.

Speaking of which, the time limit for the Defendant to actually file that motion to vacate

is coming up fast. The award was obtained, via the forfeit victory clause, on August 12, 2011. The three month time limit began on August 13, 2011. See Fed. R. Civ. P. Rule 6(a)(1). Therefore, the Defendant has until November 13, 2011 to file a motion to vacate.

If you had simply allowed process to be issued quickly, they would have been made aware of the litigation, and thus could have sprung into action in time. However, you were the ones who decided to take months to decide whether or not to issue process. It is now the Court's fault that the Defendants, upon being served with the summons and complaint, they will only have a few days, at best, to draft their motion to vacate. This court did that themselves, and they have no one to blame but themselves.

Simply put, the case law is unequivocally on my side in this case. This means that it is not frivolous.

### Where are the Court's findings of fact and conclusions of law?

Under Fed. R. Civ. P. Rule 52(a), I am entitled to specific findings of fact and conclusions of law. Where are the Magistrate Judge's findings of fact in this case?

The Magistrate Judge claims that there was no agreement to arbitrate, but how exactly does he come to that conclusion? What essential element of a contract does my case lack that causes the Magistrate Judge to believe that there is no agreement to arbitrate?

Furthermore, on what legal grounds does the Magistrate Judge base his implied holding that a forfeit victory clause is unenforceable?

If the Court could answer these questions, maybe I would be better satisfied as to the lack of merit of my case. As it stands, however, all this Court is doing is saying "Naw... that... that don't count, naw!" It appears that this Court is simply ignoring what the law says and passing judgment based on its own personal belief about what *should* be the law in this case.

**The Magistrate Judge conveniently ignores the lack of *sua sponte* discretion.**

In my Brief in Support of my Complaint (Document #6), I stated off by explaining, and citing various legal authorities showing, that the Court cannot deny a motion to confirm an arbitration award without a motion to vacate the award first being granted, even if the Court makes a *sua sponte* finding that no agreement to arbitrate exists.

In the Magistrate Judge's Report and Recommendation, he did not even attempt to address this legal argument. I wonder if he *can* address it.

## Conclusion

The Magistrate Judge committed several procedural blunders, by not making specific findings of fact and conclusions of law, and not addressing several key legal arguments in my Complaint and brief in support thereof. If the District Court judge will not reject the R&R outright, I at least ask that it be rejected without prejudice, and remanded back to the Magistrate Judge with instructions to make a more thorough R&R.

_David Stebbins_
David Stebbins
8527 Hopewell Rd,
Harrison, AR 72601
870-743-4386
stebbinsd@yahoo.com